IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL GARCIA,

    Plaintiff,

vs.                                                          No.  CV-12-1127 WJ/ACT

BOARD OF COUNTY COMMISSIONERS
OF SAN MIGUEL COUNTY, NEW MEXICO,

    Defendant.

**ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant's Second Motion to Dismiss Amended Complaint (Doc. 32).  The Court, having reviewed Defendant's Second Motion to Dismiss and having reviewed Pro Se Plaintiff's Response (Doc. 33), finds that assuming the truth of Plaintiff's well pled factual allegations, and viewing the facts in the light most favorable to the Plaintiff, the Amended Complaint fails to state a claim for relief that is plausible on its face. Accordingly, the Court **GRANTS**  Defendant's Second Motion to Dismiss.

This case is a pro se civil rights action brought by Plaintiff, Manuel J. Garcia, against the Board of County Commissioners of San Miguel County (the "Board") that arises out of a 2010 decision by the Board to vacate a county road. Under New Mexico law, the Board had statutory authority to vacate the road in question. NMSA 1978 § 67-5-4. In his Amended Complaint, Plaintiff alleges that he is a landowner in San Miguel County and that he has owned the property where he currently lives since 1975. Doc. 10, ¶¶ 1 and 2.  Plaintiff alleges that his property is accessed by a road that was formerly a county road. Doc. 10, ¶¶ 10 and 18. Plaintiff also alleges

1

that San Miguel County stopped maintaining the road in 1982 or 1994, Doc. 10, ¶¶ 21, 40-44 and that in 2010, the Board of County Commissioners vacated the road. Doc. 10, ¶ 24.

Under the Fourteenth Amendment Due Process Clause, a governmental entity such as the Board may not deprive an individual of a property right without due process of law. *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009). Plaintiff raises two procedural due process claims in his First Amended Complaint. See Doc. 10, ¶¶ 47-57, 63. To show a due process violation, a plaintiff must allege that (a) he was deprived of a legally protected property interest and (b) he was not afforded enough process before the government took away that interest.

As a matter of law, Plaintiff cannot establish the first element of a due process claim, because members of the public, such as Plaintiff, do not have a property interest in public roads even if their land abuts the public road. *Kinscherff v. United States*, 586 F.2d 159-160-161 (10th Cir. N.M. (1978) ("The substantive law in New Mexico for quiet title actions refutes the notion that the public has a real property interest in public roads").  Because Plaintiff does not have a protected property interest in the C-53-B road, the Board's decision to vacate or abandon the road at issue in this case did not implicate a protected property interest.  Accordingly, Plaintiff's due process claims fail to state a claim upon which relief can be granted.

Defendant's Second Motion to Dismiss is hereby **GRANTED** and Plaintiff's Amended Complaint is hereby **DISMISSED**.  A Rule 58 Judgment shall issue.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE